" Joan Davies ", Petitioner, *v.* " Robert Davies ", Respondent

Domestic Relations Court of the City of New York, Family Court, New York County, June 12, 1946.

*John J. Bennett, Corporation Counsel (Alice Trubin* of counsel), for petitioner.

*Harry Grayer* for respondent.

PANKEN, J. An order issuing out of this court, requiring a person to contribute to the support of another person, unless he is chargeable under law with the support of that person, is unsupportable. That would be insupportable even though the order was made after a hearing had before a court assuming jurisdiction.

The basis upon which a woman is entitled to support from a man is that there is the conventional relationship of husband and wife. When that relationship does not exist, or, having existed, ceases, this court has not the power to provide for the support of a woman by its order. Under section 91 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482) " Jurisdiction " is defined: " The family court shall have (1) Jurisdiction within the city to hear and determine all proceedings to compel the support of a wife, child or poor relative; and  *  *  *." When the marital relationship ends, that also ends the jurisdiction of this court to provide for the ex-wife.

It appears, from the affidavits in support of the motion, and in opposition thereto, that this matter came on to be heard before me on February 14, 1946; that upon the hearing had before me the question, as to whether or not the conventional relationship of husband and wife existed, was not raised. It was conceded that the respondent and the petitioner were married, according to the petitioner, on the 23d day of November, 1923. That fact was affirmed by the respondent and the petitioner on October 16, 1936, which affirmance was included in the agreement entered into that day, and an order made thereon, and in which agreement the respondent acknowledged his legal liability for the support of the petitioner, his wife.

Under the law of our land the relationship of husband and wife may be terminated by a court of competent jurisdiction to sever the relationship and terminate it by a divorce decree.

On the application herein respondent avers that the relationship existing between himself and his wife, by virtue of the marriage herein referred to, had been terminated and ended by a decree of a court of a sister State, to wit, Louisiana, and that court had obtained jurisdiction of the parties in accordance with the law of that State. If a court issuing the divorce decree obtained jurisdiction of the parties, under the Constitution of the United States, its order or decree must be given full credit by all courts of all States of the Nation.

The question upon which the determination is to be had hereon is whether this court, under the law, can accord to the respondent

an opportunity to be heard upon the issue raised by this application, since he has already had afforded to him the opportunity to present to the court the facts which he now avers, but failed to do so. An order made by this court, requiring a person who is no longer chargeable with the duty in law to support another person, should be regarded as invalid. Indeed, it might be regarded as void. The court cannot do that which it is not empowered to do by the statute. The act creating this court empowers it to the extent of requiring a husband to support his wife, but the relationship must exist in order to empower the court to make such an order. When that relationship does not exist the court is powerless. The fact that the respondent has failed to direct the attention of the court, that he is no longer chargeable with the support of his alleged wife, cannot give validity to the order which the court had no power to make.

The respondent did not take counsel, nor did he advise with counsel versed in the law. " Ignorance of the law is no excuse," it is said. But " ignorance of the law " is quite common. The study of law for admission to the Bars of the various States of the Union, and of the Federal courts, takes many years of arduous application. After admission to the Bar, lawyers realize the limit of their knowledge of the law. To be abreast of the law and its trends one must continuously acquaint himself with the hundreds of statutes enacted by the State Legislature, Congress of the United States and the many constructions and interpretations by the courts of those statutes. Knowledge does not come a priori.

Most respondents appearing in the Domestic Relations Court of the City of New York, or litigants in other courts, are sans familiarity with court procedure and are equally as ignorant of what the law is, and how it is to be applied in the defense of their rights. Courts are instituted amongst us to determine the rights of contending parties and to mete out justice to those who are in the right. And so the law must be interpreted by the courts in the light of common-sense rules, that common sense which will accord to human beings the highest measure of justice. A rigid construction of the rule of law may deny justice where it should be given. Rules of law are subject to change and modification, as changed conditions and circumstances compel.

A person charged with an obligation, because he did not know the law or has mistaken the law, should be given an opportunity to present the facts which discharge him from the obligation. The facts of this case, I think, are somewhat different from those in the case of *Merritt* v. *Merritt* (259 App. Div. 242).

I have expressed my opinion in the case of *Marianacci* v. *Marianacci* (164 Misc. 467), as well as in other actions, in published opinions.

For many scores of years one could recover property with which he had parted, on a mistake of fact, but could not recover property under circumstances which disclose that he had parted with such property under mistake of law. That, in part, has been changed by statute. It is well that it has been done.

To fasten upon a person responsibility for support of one for whom he is no longer chargeable, because of a mistake as to his rights or failure to assert his rights, is to give force to an order which this court had no power to make.

That, of course, is dependent on whether or not the decree issuing out of a court of the State of Louisiana is valid. If it is not valid in the State of New York, as a matter of public policy on the basis of the state of the law, the respondent, though he claims to be divorced from his wife and acted thereon by marrying some other person, would continue to be chargeable with her support.

No harm can possibly result to the petitioner if the respondent is granted a hearing, permitting him the opportunity to present the facts as he claims them to exist. The order is granted upon the following conditions: that the respondent liquidate all arrears and continue to comply with the order heretofore made by me on the 14th of February, 1946, until a determination is had upon a rehearing.

Settle order on three days' notice.