ANNIE B. Ross, Petitioner, v. CLAUDE A. Ross, Respondent.

Children's Court, Broome County, December 14, 1954.

*Charles P. O'Brien, County Attorney* (*Justin C. Flannigan* of counsel), for petitioner.

*David Brown* for respondent.

THOMAS, J. The petitioner, Annie B. Ross, brings this proceeding under the New York Uniform Support of Dependents Law for the purpose of obtaining support for herself as the former wife of Claude A. Ross, respondent.

The petition herein alleges in substance that the petitioner at the time of the filing of this petition was a resident of the

State of California, and that the petitioner and the respondent entered into a marriage ceremony at Norfolk, Virginia, on September 20, 1930; that there were no children born of this marriage; that the marriage was terminated by a final decree of divorce granted to petitioner in the Superior Court of the State of California, in and for the County of Los Angeles, on January 28, 1948, and that by the terms of the divorce decree the respondent was ordered to pay to the petitioner the sum of $125 a month on the fifth day of each month, commencing on February 5, 1947, and to continue until further order of the court, for her support; that the divorce was granted on the grounds of extreme cruelty and desertion.

The petition further alleges that the respondent has failed to make payments pursuant thereto and is now in arrears $1,350, and that the petitioner believes that the respondent has the ability to contribute to her support and maintenance in that he is a retired lieutenant commander of the regular Navy, and that his retirement pay is in excess of $400 per month; and the petition further alleges that the petitioner has a serious heart condition and is unable to work; that she has no income; and sets forth items that are necessary for her, such as housing, food, clothing, doctor and medical expenses, etc. The petition further states that the State of New York has a law substantially the same as the Uniform Reciprocal Enforcement of Support Act of the State of California (California Code Civ. Pro. [Deerings 1953 ed.], § 1650 *et seq.*) The papers are in order and properly certified, and attached thereto is a certified copy of the law of the State of California in respect to reciprocal support of dependents.

The respondent appeared and filed a verified answer to the petition and denies certain allegations of the petition on information and belief and denies specifically that the divorce decree granted as set forth in the petition is personally binding upon the respondent.

The respondent, Claude A. Ross, through his attorneys, raised the further defense that this court has no jurisdiction in the subject matter herein because the petitioner has divorced the respondent, and that the respondent is, therefore, not a husband liable for the support of his wife within the meaning of the New York Uniform Support of Dependents Law, and further states that the final decree of divorce mentioned by petitioner did not bind the respondent personally, in that the respondent was never served with process therein within the State of California; that the respondent was never at any time a resident or domi-

ciliary of the State of California, nor did the respondent consent to jurisdiction in said action, and by reason thereof, moves for a dismissal of the petition herein.

An examination of the Uniform Reciprocal Enforcement of Support Act in the State of California shows that it is substantially similar to the New York Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.), but there is a substantial difference in reference to the persons liable for the support of dependents.

In the California Uniform Reciprocal Enforcement of Support Act, subdivisions 6 and 7 of section 1653 read as follows: " (6) ' Duty of support ' includes any duty of support imposed or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise. (7) ' Obligor ' means any person owing a duty of support ". Subdivision (a) of section 3 of the Uniform Support of Dependents Law of New York State, reads: " A husband in one state is hereby declared to be liable for the support of his wife and any child or children under seventeen years of age and any other dependent residing or found in the same state or in another state having substantially similar or reciprocal laws, and, if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this act ".

Petitioner relies for her relief upon the amount given her or granted her under the divorce decree in the State of California for her support. The respondent accepts the divorce decree insofar as the same terminated the marital relationship. Thus, on petitioner's petition and the statement of the respondent, the petitioner is no longer the wife of the respondent within the meaning of subdivision (a) of section 3 of the New York Uniform Support of Dependents Law.

Whatever right the petitioner may have against the respondent, arising out of the marital relationship established on September 20, 1930, is determined in this State by statute. The determination of the right to the wife of the necessities of life to be provided by the husband and the inception of statutes regulating these rights is discussed fully in the case of *Erkenbrach* v. *Erkenbrach* (96 N. Y. 456) and her right to alimony or support appears an incidental power to the statutes which authorize matrimonial actions and proceedings.

It is settled that the only jurisdiction the courts have over matrimonial actions are those which the court possesses as conferred upon the court by statute and such further and minor powers necessarily incident to the exercise thereof. (*Johnson* v. *Johnson*, 206 N. Y. 561.)

A full discussion of the intent and purpose of the New York Uniform Support of Dependents Law is set forth in the case of *Vincenza* v. *Vincenza* (197 Misc. 1027) and it was not intended that the courts should assume by implication or extension any jurisdiction that the statute did not expressly grant.

The public policy in cases of this type in the State of New York has been fully stated and passed upon and it has been expressed that the State has no interest in serving the vagaries of those who would play fast and loose with the marriage relationship for the purpose of obtaining a divorce and then seek the courts of this State for relief or other personal gain.

If relief is to be given to the petitioner in this State, it must be under the act passed in this State. If the petitioner were to treat the California divorce as a nullity and bring a proceeding against the respondent as her husband, favorable consideration could not be given under the law of the State of New York. (*Senor* v. *Senor*, 272 App. Div. 306, affd. 297 N. Y. 800.)

The case in point was brought by the wife against the husband after she had obtained a divorce decree in the State of Nevada. Her action was brought for a declaratory judgment that defendant was her husband and that a separation agreement and decree of divorce entered in the State of Nevada are invalid and upon that declaration for separation with increased alimony. The appellate court, affirming the granting of the motion by the defendant for judgment, had this to say (272 App. Div. 306, 312): " Society's interest in the maintenance of marriage is not served by indulging such attacks. It is no necessary concomitant of a public policy against stipulating for divorce that those who have virtually succeeded in doing so be accommodated by our courts whenever it suits their convenience to retract. They do not have a call on that public policy as an escape from its violation. Rather, like being *in pari delicto,* the law leaves them where it finds them ".

The petitioner's right, if any, in this State, must be determined on the validity of the California divorce decree which she obtained in 1948, and which granted her for support and maintenance a monthly stipend of $125. It is stated in *Senor* v. *Senor* (*supra*) in reference to the public policy of the State of New York that the State has wholesome interest in the maintenance

of marriages, but divorce is permitted, and, when decreed by a court satisfying by its record all the requisites of jurisdiction and due process, is recognized. It would appear that the rights of the petitioner, if any, would best be determined by an action in Supreme Court to review the validity of the California divorce and her rights accruing thereunder.

The motion of the respondent to dismiss the petition should be granted on the grounds that this court has not the jurisdiction to grant the petitioner relief.

An order may be presented accordingly.