■    HENIA FISHBERG, Respondent, v. BENJAMIN FISHBERG, Appellant.— Order of Domestic Relations Court, Family Court Division, Bronx County, entered May 10, 1961, unanimously reversed, on the law and the facts, and the application of petitioner denied, without costs and without prejudice. The parties were married by ceremonial marriage first in February, 1958 and again in August, 1958. The petitioner relies upon the presumption of the validity of such marriage to sustain the jurisdiction of the court here in granting and

rendering the order appealed from. Such presumption, however, is overcome by the undisputed facts appearing in the record. It appears that the petitioner and the defendant were parties to apparently valid prior marriages to other persons. Their respective prior spouses are living and the divorces relied upon here as effecting the dissolution of such prior marriages appear to lack validity. The purported divorce of the defendant from his prior spouse was obtained in Mexico without the defendant even acquiring a colorable residence there. Clearly, on the record here, such divorce was void *ab initio* and ineffective to dissolve the marriage; and the defendant is not to be estopped from asserting such basic invalidity. (*Alfaro* v. *Alfaro*, 7 N Y 2d 949, affg. 5 A D 2d 770; *Marum* v. *Marum*, 8 A D 2d 975; *Heine* v. *Heine*, 10 A D 2d 864.) Furthermore, it would appear upon the record here that there was no valid dissolution of the petitioner's prior marriage. The petitioner and her first husband were nationals of the State of Israel, and she claims that a rabbinical divorce was rendered in Brazil in April, 1957, dissolving the marriage between them. They did reside in Brazil for a time, but it appears that, three years prior to April, 1957, she had left her husband in Brazil and moved to Colombia where she took up residence with her daughter. She testified that her divorce was pending before the rabbi when she left Brazil; that she came to the United States in August, 1956, and that the divorce was then sent to her. All we have to evidence this divorce is a non-authenticated certificate issued here that the divorce was granted in Brazil; and there is no proof as to the laws of Brazil with relation thereto. So, neither the due rendition nor the validity of the rabbinical divorce purporting to dissolve such marriage was established by competent evidence. An existing valid marriage between the parties is a necessary condition for the exercise by the Family Court of jurisdiction to direct payment by a man for support of his alleged wife. (N. Y. City Dom. Rel. Ct. Act, § 91.) In order to ascertain whether it possesses such jurisdiction, the Family Court is empowered to and should hear and determine the issue of a valid marriage. (*Loomis* v. *Loomis*, 288 N. Y. 222.) The invalidity of the marriage between the parties clearly appearing from the evidence before the court, the application of the petitioner should have been dismissed. The dismissal, however, should be without prejudice to institution of a new proceeding in the Domestic Relations Court on due proof of a valid marriage between the parties and, in any event, is without prejudice to such remedies in other forums as the petitioner may have in the premises. Concur — Valente, Stevens, Eager and Steuer, JJ.; Rabin, J. P., concurs in result.