(May 7, 1963)

■ In the Matter of BEATRICE S. CARTER, Respondent, v. RAYMOND S. CARTER, Appellant.— Order entered on November 1, 1961 awarding petitioner support on a means basis, reversed, on the law and the facts, and a new trial ordered, without costs to either party. In this support proceeding the defendant challenges the jurisdiction of the Family Court on the basis of a Virginia decree of divorce which he obtained in 1953. It is fundamental that the obligation to support on a means basis must be based on a valid marriage between the parties (Family Ct. Act, § 412, formerly N. Y. City, Dom. Rel. Ct. Act, § 101, subd. 1). Jurisdiction of the court in such a proceeding is always subject to attack on the ground that a valid divorce decree exists between the parties. The Family Court as an incident to the exercise of its jurisdiction may deny full faith and credit to an ex parte foreign divorce decree if it finds that a bona fide domicile was not established in a foreign jurisdiction. (*Williams* v. *North Carolina*, 325 U. S. 226; *Wilkov* v. *Wilkov*, 13 A D 2d 471; *Sierra* v. *Sierra*, 8 A D 2d 708; *Loomis* v. *Loomis*, 288 N. Y. 222.) There is a presumption of validity of a foreign divorce decree, and the burden is upon the person who attacks it to establish that such decree is invalid. Here the petitioner asserts there was a failure to establish a bona fide domicile in Virginia. Domicile depends upon intent and physical presence. (See 16 N. Y. Jur., Domestic Relations, 457, § 923.) There was some testimony that respondent did at one time reside in Virginia, but whether or not at the time the action was instituted is not clear. Whether at such time the requisite intention existed can only be established by relevant standards of proof. That is, facts from which it may be gleaned that respondent did intend to make Virginia his home. (*Snyder* v. *Snyder*, 286 App. Div. 931; *Selkowitz* v. *Selkowitz*, 272 App. Div. 1071; 36 A. L. R. 2d 756.) In this case it may well be that the defense of a Virginia divorce decree is valid. However, the inconclusive nature of the proof fails to either establish the *bona fides* of the marriage domicile in Virginia or to void such foreign decree and necessitates the granting of a new trial (*Sierra* v. *Sierra, supra*). Concur — Breitel, J. P., Stevens, Eager and Steuer, JJ.; McNally, J., dissents in the following memorandum: The record indicates that respondent-appellant husband returned to New York in 1952 and has been domiciled here since that time. The record also indicates that petitioner-respondent wife, a domiciliary of New York, received notice of a divorce proceeding in the State of Virginia in 1953 and did not appear or answer therein. The divorce decree in evidence was issued March 23, 1953. It affirmatively appears from the record that respondent-appellant husband was not a resident nor a domiciliary of Virginia at the time that action was instituted or when the decree therein issued. The finding of the trial court that the Virginia decree does not bar this proceeding is in accord with and supported by the record herein. Accordingly, I dissent and vote to affirm.