■ RICHARD WALKER, Appellant, v. EDWARD FELDMAN, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Ulster County, entered on a jury verdict of no cause of action. We find involved only issues of fact and of credibility as to whether appellant's alleged injuries were sustained as a result of the accident here involved occurring in February, 1959 or a previous accident on April 24, 1955. These issues were properly left to the jury's resolution. Appellant's attorney acquiesced in the trial court's charge that if the jury found the alleged injuries were not attributable to the 1959 accident their verdict should be one of no cause of action. Judgment affirmed, with costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.

■ DOLORES E. SCHAFFER, Individually and as Administratrix of the Estate of FREDERICK H. SCHAFFER, Deceased, Appellant, v. ONEIDA MOTOR FREIGHT, INC., et al., Respondents.— REYNOLDS, J. Appellant asserts that the trial court committed reversible error in admitting into evidence a report of a blood sample. In this case the oral evidence and the physical facts strongly support the jury's verdict. While the handling of the specimen here involved leaves much to be desired, in view of the other proof we do not find that in this civil case its admittance amounts to reversible error. Judgment affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of CONSTANCE FLEISCHER, Appellant, v. ROY FLEISCHER, Respondent.— TAYLOR, J. The parties hereto, then residents of this State, were married herein in 1950. Thereafter they moved to and established their residence in the State of Florida where the marriage was dissolved in 1961 by a final decree of divorce in favor of appellant. There are two children of the marriage, aged 5 and 11 years, custody of whom was granted to her by the final decree which also directed respondent to pay the weekly sum of $80 as and for alimony and their support. Defaults in the required payments occurred and resulted in the entry of judgments in Florida for the arrearages. Actions instituted thereon in this State, to which respondent meanwhile had returned and remarried, culminated in judgments here pursuant to which garnishments were levied. In June, 1963 a proceeding was instituted by appellant in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida, pursuant to the Uniform Reciprocal Enforcement of Support Law of that State which, by order of the initiating court, was referred to the Family Court of Sullivan County where, following a hearing, an order was entered directing respondent to pay the sum of $30 per week for the support of the children and further providing that any sums thereafter received by appellant as the result of the lodging of additional garnishees should be credited against the award made. We are persuaded that, having due regard for the circumstances of the parties, justice requires that the award for the support of the dependent minor children be increased to the sum of $40 per week. (Domestic Relations Law, §§ 32, 34, subd. 2; § 37, subd. 11.) The conditions attached by the Family Court to its order of support seem to us not to have been unreasonable. The decree of the foreign State which terminated the marital relationship of the parties is not questioned. Since our statute imposes liability on a husband only for the support of his wife, the court did not err in failing to grant support to the petitioning former wife. (Domestic Relations Law, § 32, subd. 1; Family Ct. Act, §§ 411, 412; Pinto v. Pinto, 91 N. Y. S. 2d 124; Ross v. Ross, 206 Misc. 1073; Matter of Carter v. Carter, 19 A D 2d 513.) Order modified, on the law and the facts and in the exercise of discretion, by directing respondent to pay the sum of $40 per week for the support and maintenance of the minor children, and, as so modified, affirmed, with costs to appellant. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.