Raymond E. Aldrich, Jr., J.
Evelyn G-erd Travis, as petitioner herein, applies for the modification of an order of the Family Court of Dutchess County made on July 15, 1966, in a support proceeding under article 4 of the Family Court Act wherein he was found chargeable with her support and ordered to pay $20 a week for the same. The original support petition alleged the petitioning wife was pregnant. In the instant application petitioner seeks support for herself and her child who was born November 28, 1966.
At the hearing both parties testified, and the wife was represented by counsel. Neither party objected to the jurisdiction of the court as to petitioner’s request to have the child included in the support order rather than instituting a separate proceeding. At the modification hearing, petitioner introduced into evidence a written separation agreement entered into between the parties on February 24, 1967, which provided that the husband should pay for the support of the child, Raymond M. Travis, Jr., the sum of $20 a week and further that he should pay to the wife for her support and maintenance an equal sum of $20 a week, with the latter liability to cease upon his death or the death or remarriage of his wife. The agreement further contained the customary clause to the effect that in the event a divorce was obtained, the provisions of the agreement, or the substance thereof should be incorporated in the decree, but, not *576 withstanding such incorporation, the agreement should not be merged in the decree but survive the same and be forever bind-' ing and conclusive upon the parties. Thereafter on March 8, 1967, the respondent husband instituted a divorce proceeding in the First Civil Court of Bravos District, State of Chihuahua, Republic of Mexico, against his wife, the petitioner herein, who appeared in the proceeding, and he secured a divorce decree which approved and confirmed the aforesaid separation agreement, made it a part of the decree, as though set forth in full, same further providing, however, it did not merge into the decree but survived the same, and the parties were ordered and directed to comply with the provisions thereof. At the hearing petitioner wife introduced a copy of the Mexican divorce decree into evidence. Since the divorce, respondent husband has remarried. Neither party contested the validity of the Mexican divorce decree, and the same is considered valid and binding upon both parties.
The obligation of a husband to support his wife under section 412 of the Family Court Act is based upon the existence of a valid marriage. Jurisdiction of the court is always subject to the attack that such a marital relation does not exist (Matter of Carter v. Carter, 19 A D 2d 513; Fishberg v. Fishberg, 16 A D 2d 629; Matter of Fleischer v. Fleischer, 24 A D 2d 667). In the instant proceeding while this requisite relationship existed when the order now sought to be modified was made, the marriage has now been dissolved, thereby destroying the basis upon which the court originally based its order. Neither party questioned the termination of the marital relationship, in fact the wife made the decree a part of her affirmative case and the husband, presumably recognizing he was estopped to challenge the decree for he sought it and relied thereon for his remarriage, acknowledged that the decree was valid and binding upon him. The instant case is therefore dissimilar to the situation presented in Matter of Eldredge v. Eldredge (27 A D 2d 475) and Matter of Slemons v. Slemons (28 A D 2d 634) where personal jurisdiction was not obtained over the defendant. Accordingly this court holds that the Mexican divorce obtained by respondent herein is valid not only as to status, but that the obligation to support was also affected and terminated. Petitioner herein is accordingly no longer entitled to support for herself under section 412 of the Family Court Act, and neither may she seek support under subdivision (c) section 466 of the Family Court Act in view of the bolding of the Appellate Division, Second Department, in Matter of Broderson v. Broderson (28 A D 2d 867) and Matter of Seitz v. Drogheo (28 A D 2d 892), holding that such section “pur *577 porting to grant authority to the Family Court to enforce decrees granting alimony or support, granted by courts ‘ not of the State of New York ’, was wholly unauthorized ”, and therefore not “ within the ambit of jurisdiction prescribed in the Constitution ”. Petitioner is. relegated to sue in a civil court for her support and maintenance.
Petitioner herein did not seek to avail herself of the provisions of subdivision (a) of section 461 of the Family Court Act, but sought relief under section 413, which charges a father with the support of his child and requires him to provide for the child “ a fair and reasonable sum according to his means, as the court may determine”. Even the presence of the separation agreement is not absolutely controlling upon this court. A clear expression of the law applicable to support of children even for whom provision is made in separation agreements by their parents is found in Moat v. Moat (27 A D 2d 895) where the court stated “It is true, of course, that minor children are not parties to a separation agreement executed by their parents, and the courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires. ’ ’ Similarly, as children are not parties to the matrimonial action between their parents, they are not necessarily bound by the provisions of such a decree.
The evidence indicates that the weekly requirements of the child are food $15, clothes $5, laundry $5, and miscellaneous toys $3 and medical attention $6 a month.
The respondent is employed in the construction business with two partners, with a verbal agreement as to the distribution of the partnership assets and income. Both of the partners support families on their income. Respondent has remarried and deeded his house on April 25, 1967 to his present wife without receiving any consideration claiming that she and his father advanced the money for the original purchase, and he also conveyed to her without consideration the trailer which he purchased with his own funds. While his income depends on the completion of construction jobs, between January and June he earned $2,154.04. The home is rented for $245 a month.
After due deliberation and consideration of the evidence, the court finds that in light of respondent’s means and financial circumstances, and the needs of the child, the fair and reasonable sum necessary to provide for the support of the child is the sum of $20 a week.
For the foregoing reasons, it is the decision of this court that the respondent be relieved of his obligation to contribute to the *578 support of Ms wife as of March 8, 1967, the date of the divorce, but that he pay the sum of $20 a week for the support of his child, Raymond M. Travis, Jr., retroactively as of January 27, 1967, the date the modification petition was filed.
The Probation Department will recalculate the payments due in accordance with this decision and credit to respondent’s account as payments for support of his wife and child in accordance with this decision all payments he has heretofore made.