Morete Sltfkix, J.
This is a proceeding for an order of support under the provisions of article 4 of the Family Court Act. Petitioner seeks support for herself and for the child of the parties. The respondent admitted his liability, but there remained to be determined the amount of support, under the provisions of sections 412 and 413 of the Family Court Act relating to the fair and reasonable sum to be awarded, if any, based upon the means of the husband and the circumstances of the respective parties.
Subsequent to the admission of the liability on the part of the respondent and prior to the entry of any order of support herein, the petitioning wife herein obtained a decree of divorce in the State of Nevada wherein the respondent was served only by mail and publication. The respondent was not served with process in the State of Nevada, nor did he appear in that State either in person or by attorney.
The respondent now moves to dismiss the support proceeding insofar as it relates to support for the petitioner wife and further asks that the court grant and fix the rights of visitation for the respondent father with the child of the parties.
As to support, the obligation of a husband to support his wife under section 412 of the Family 'Court Act is based upon the existence of a valid marriage. The basis upon which a woman is entitled to support from a man is that they are husband and wife. When that relationship ceases to exist, the Family Court has no power to order support or enforce a prior support order on behalf of an ex-wife. (Matter of Travis v. Travis, 54 Misc 2d 575; “Davies” v. “Davies”, 187 Misc. 313; Liss v. Liss, 77 N. Y. S. 2d 242; Matter of Carter v. Carter, 19 A D 2d 513; Fishberg v. Fishberg, 16 A D 2d 629.)
When an order of support has been entered in a proceeding or action in this State in favor of a wife and thereafter the husband obtains a decree of divorce from an out-of-State court or from the court of a foreign country, the courts of this State have held that the marital status of the parties has been termi *78 nated but the duty to support continues under the provisions of the existing order of the New York court. (Matter of Eldredge v. Eldredge, 27 A D 2d 475; Matter of Slemons v. Slemons, 28 A D 2d 634.)
In this case, the respondent husband does not challenge the validity of the Nevada decree of divorce nor did he procure.it. On the contrary, the petitioner wife instituted the proceeding for support in the Family Court of this State and thereafter also instituted the action for and procured the decree of divorce in the Nevada court.
In these circumstances, there is a clear distinction between the case at bar and the cases above cited.
For the purpose of this decision, the court will assume that petitioner wife may be deemed to be the holder of an order of support. The court finds that the termination of the marital status through a decree of divorce obtained by the wife after the entry of an order of support obtained by the wife has terminated the duty of the husband to support her under the provisions of section 412 of the Family Court Act. In MacKay v. MacKay (279 App. Div. 350), the New York Supreme Court entered a judgment of separation in favor of the plaintiff wife, which, among other things, provided. for her support as well as the support for the children of the marriage. Thereafter, the wife instituted an action for a divorce in the State of Nevada in which the husband was not personally served with process, nor did he appear in person or by attorney in the action pursuant to which the Nevada court granted the wife a decree of divorce.
Thereafter, upon the return of the wife to the New York jurisdiction, she instituted a contempt proceeding in the Supreme 'Court by reason of the failure of the husband to return the children at the directed time after an exercise of his visitation privileges. The husband cross-moved to modify the judgment of separation by striking therefrom the support provisions for the wife. 'The Appellate Division, in directing the deletion of the support provisions on the decree of separation, stated (p. 353): “ The husband has not chosen to challenge the validity of the Nevada decree. The Nevada decree rendered in favor of the wife, upon her application, validly put an end to the marital status. * * * So far as the marriage is concerned, it no longer exists. Plaintiff accordingly is estopped to deny the termination of the marital status and having sought and obtained a complete severance of the marriage, she is estopped to claim the alimony provisions in her favor under the New York separation decree.”
*79 Further, at page 354 in the Official Reports, the court went on to say: “ In circumstances similar to these it has been repeatedly held in this State that a wife is estopped from claiming the benefit of the support provisions awarded in her favor in the prior New York separation decree.” (Dube v. Dube, 230 App. Div. 494; Harris v. Harris, 197 App. Div. 646, Gibson v. Gibson, 81 Misc. 508; Dollard v. Dollard 51 N. Y. S. 2d 196; Glennan v. Glennan, 197 Misc. 899; see, also, Estin v. Estin, 296 N. Y. 308, 313 and 2, Freeman Judgments [5th ed] § 911, pp. 1915-1916).
This court, therefore, finds the respondent is no longer responsible for the support of the petitioner herein and grants the motion of respondent to dismiss the support proceeding insofar as it relates to the petitioner in this proceeding.
The duty and responsibility of the respondent to support the child of the parties continues and the amount thereof is to be fixed by the court after an appropriate hearing.
As to that part of the motion of the respondent which asks that the court fix the rights of visitation of the respondent with the child of the parties, the Nevada decree of divorce purports to reserve exclusively to that court any modification of its direction that the custody of the child of the parties shall be vested in the petitioner and that the respondent shall have no right of visitation.
Such a claimed reservation of exclusive authority is without effect in this State and since neither the child nor the respondent was in the State of Nevada during the residence of the petitioner in that State, the Nevada court did not have in personam jurisdiction over the respondent and, therefore, could not finally adjudicate the question of custody of the child or visitation privileges of the respondent insofar as the courts of this State are concerned.
In MacKay v. MacKay (supra, pp. 354-355) the court said: “ So far as the custody of the children in concerned the Nevada court had no jurisdiction over that question. The children were not in the State of Nevada during the wife’s domicile there, nor was the husband. * * * The Nevada court under the circumstances had no power to adjudicate the question of the custody of the children. In awarding the custody of the children to the wife, it attempted to exercise an in personam jurisdiction over persons not before the court. This, it could not do ” (citing Estin v. Estin, 334 U. S. 541, 547).
Further, it would appear that the child of the parties was at all times present within the physical boundaries of the State of New York. This presence is sufficient to confer upon the courts *80 of this State the issues of custody or visitation of the said child. (Matter of Lang v. Lang, 9 A D 2d 401; Matter of Bachman v. Mejias, 1 N Y 2d 575; Matter of Hicks v. Bridges, 2 A D 2d 335; People ex rel. Prichett v. Prichett, 1 A D 2d 1009, affd. 2 N Y 2d 947.)
The provisions of the Nevada decree relating to the custody of such child are not binding upon this court. In the Matter of Bachman v. Mejias (supra p. 580) the 'Court of Appeals states: “ The full faith and credit clause does not apply to custody decrees ’ ’ and on page 581: ‘ ‘ The responsibility fqr the welfare of infants endows the court with the power to determine custody irrespective of the residence ^nd domicile of the parents and prior custody orders in a foreign jurisdiction. (Emphasis supplied.)
'This court, therefore, finds that it has power to determine and fix the custody of the child of the parties and the visitation privileges of the other spouse pursuant to the provisions of section 446 of the Family Court Act. The court will make such a determination after an appropriate hearing at which both parties may be heard.