Nanette Dembitz, J.
This is a proceeding brought under the Uniform Support of Dependents Law by the mother of two out-of-wedlock children, all residing in Florida, for their support by their New York putative father. The issue is whether an adjudication of respondent’s paternity in a prior proceeding between these parties, and his acknowledgment therein of paternity, are binding and sufficient basis for an order of support, in the face of his contentions that he was then unrepresented by counsel and that the adjudicating court lacked jurisdiction.
The Uniform Support of Dependents Law, hereinafter termed USDL (article 3-A of the New York Domestic Relations Law), provides for a dependent in one State to there petition that a *384 reciprocating State enforce a duty of support against a respondent domiciled, residing, or found in the latter, testimony being taken from each party ex parte in the respective States. Besides support for spouses and legitimate children, the TJSDL provides : ‘ ‘ The natural parents of a child born out of wedlock shall be severally liable for the support of such child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child’s father by a court of competent jurisdiction, or he has acknowledged or shall acknowledge paternity of the child in open court or by a verified written statement.” (Domestic Relations Law, § 33, subd. 5.)
Mr. Lorn, the respondent, denies the mother’s claim, in her present petition filed in Florida, that he is the father of her children. ■ However, in a TJSDL proceeding between these parties in 1962, when petitioner resided and filed a petition in Arizona, the 'Children’s Court of Nassau County held respondent liable for the support of these children, on the basis of his oral acknowledgment of paternity in that court.
I.

Adjudication of Paternity by Court of Competent Jurisdiction?

The respondent contends on several grounds that the Children’s Court was not “a court of competent jurisdiction” within the meaning of the above TJSDL provision on out-of-wedlock children, and that its adjudication therefore does not establish respondent’s present liability for support.
1. jRespondent’s Residence
The argument that respondent was, at the time of the 1962 hearing in Nassau County, then residing in Bronx County, having moved there from Nassau three days before, does not warrant extended discussion. Respondent had been personally served 13 days before the hearing in Nassau County, where he was then residing and domiciled;[1] and it is clear that the court’s jurisdiction thus acquired over him was not terminated by his departure from the county.[2] Further, although respondent was not represented by an attorney, his appearance without *385 raising the issue of his change of residence to another county in New York State, waived any possible objection on this ground, for it does not relate to any basic right or element of the cause of action. (Cf. Silbert v. Silbert, 25 A D 2d 570 [2d Dept., 1966]; see, also, Lambert v. Lambert, 270 N. Y. 422, 427-428 [1936].)
2. Time Limitation in Paternity Actions
The next question relating to the 1962 proceedings is whether the court lacked jurisdiction as to the older child, born in 1958, because of a time limitation on paternity actions. The USDL contains no limitation provisions. However, in 1962, as at present, New York’s limitation was: “ Proceedings to establish the paternity of the child * * * shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support.” (Family Ct. Act, § 517, eff. Sept. 1, 1962; see similar prior provision, L. 1925, ch. 255, Domestic Relations Law, § 122, subd. 2.)
In view of the legislative history,[3] this provision appears to establish elements of a petitioner’s cause of action, rather than merely a defensive Statute of Limitations; a showing either that the child is under two years or has been acknowledged by support or in writing, would therefore be part of the affirmative case. (See Romano v. Romano, 19 N Y 2d 444 [1967]; Matter of “Mendes”, 11 Misc 2d 546, 548 (Children’s Ct., Westchester County, 1958].) Thus, if the New York provision applied to USDL proceedings, it might well be argued that the petitioner’s failure to establish an element of the cause of action as to the older child — that is, a past acknowledgment — rendered the adjudication invalid, despite the uncounseled respondent’s failure to raise this issue. However, this court holds that New York’s time provision does not apply in USDL paternity cases.
At the outset, the difference in result under the USDL paternity section and the New York provision must be noted. The USDL permits the court to base an adjudication on respondent’s acknowledgment of paternity in open court, regardless of the lapse of time since the child’s birth; under the New York provision — if given the construction that seems required (described above),— the court cannot even entertain a paternity petition more than two years after the child’s birth unless petitioner shows that there has been an acknowledgment.
*386 This restriction would be even more unfortunate for out-of-State petitioners than in-State (though the statute is badly in need of amendment for the latter as well). For the USDL omits the New York provision for proof of acknowledgment of an out-of-wedlock child by any ‘ ‘ writing or by furnishing support ”, nor does it allow a determination of paternity on the basis of evidence as to sexual relations, etc., as is permissible in in-State proceedings. These differences between USDL and local proceedings are unavoidable; to elicit evidence on such issues on an ex parte basis, without confrontation and cross-examination, might well be both unwieldy and unfair. (See Smith v. Smith, 11 Ohio Misc. 25; M-v. W- -, 352 Mass. 704.) The opportunity in USDL proceedings for an adjudication on the basis of an acknowledgment in open court, regardless of the age of the child, is at least some compensation for the other disadvantages suffered by out-of-State illegitimate children in securing support.
Since the USDL calls for a free and open acknowledgment, rather than any taking of evidence, the omission of a time limitation works no unfairness to respondents. Thus the USDL provision is well adapted to the exigencies of securing support for out-of-wedlock children from out-of-State fathers, and its efficacy must not be defeated by the injection of a State limitation period. (Cf. Duerr v. Whittmann, 5 A D 2d 326, 330 [1st Dept., 1958].)
The law of the forum undoubtedly controls any matters of procedure that the USDL fails to cover.[4] However, even if the New York provision were to be construed as a defensive Statute of Limitations and as a matter of procedure rather than substance, it must be held inapplicable in USDL proceedings ; for the general rule as to use of State procedure must be subordinated to effectuation of USDL’s specific and well-tailored paternity provision.[5]
3. jEight to Counsel
The final question as to the 1962 adjudication relates to respondent’s lack of representation by counsel. A lack of counsel amounting to a violation of due process is tantamount to a fail *387 ure of jurisdiction; an adjudication without due process cannot underpin either civil or criminal consequences.[6]
While the major recent developments in the constitutional right to counsel have related to criminal rather than civil proceedings, the right of those unable to afford counsel to assigned attorneys has also been recognized to some extent when the proceeding, though civil, has especially grave consequences.[7] Since a paternity adjudication has effects over and above the usual civil proceedings, this court believes that due process requires assignment of counsel in paternity proceedings in situations of particularized need, though neither abstract justice nor practical experience argues for a rule of routine assignment.[8] However, this court concludes that no such particularized need existed in this case.
At the commencement of the 1962 proceeding, the Court Clerk informed the respondent that the petition charged him with failing to support his two minor children, that he had a right to be represented by a lawyer, that he could have an adjournment to obtain a lawyer or ‘ ‘ you may proceed without a lawyer”. Respondent replied: “I don’t think I need a lawyer ”. While the Judge might have inquired somewhat further into respondent’s reply, it appears to have been a manner of expressing negation rather than an expression of doubt.
It is clear from the remainder of the hearing that respondent was at all times fully aware of its purpose and effect, nor is there any indication whatsover of any issue on which respondent either was, or felt, in need of counsel. His ready acknowledgment of paternity was obviously based on the fact that he had never doubted it, having lived with petitioner, as he testified, “ like a wife ” for a considerable period, and on his hope that she and his children would return to him.
Further, respondent had at least a modicum of sophistication in the matter of matrimonial litigation and financiar concerns. Under the circumstances of this case there is no basis for a conclusion that the 1962 proceedings violated due process because the respondent was unrepresented or because the court *388 failed to offer to assign counsel if respondent was unable to retain an attorney.
n.

Acknowledgment in Open Court

The present petition must be granted even apart from the binding force of the 1962 adjudication, because of respondent’s acknowledgment of paternity in 11 open court ” during the 1962 proceeding. In coupling an acknowledgment in open court with a “ verified written statement ”, the TJSDL obviously intends that an acknowledgment suffice regardless of the court’s jurisdiction or other legal aspects. The provision is designed to provide for the adjudication of the duty to support out-of-wedlock children on reliable and documentary grounds that preclude the need for considering conflicting testimony. From this standpoint an acknowledgment is sufficient regardless of the technicalities of the proceeding; the only circumstances which would nullify an acknowledgment in open court would be coercion, fraud, or mistake, which would invalidate any admission. In the case at bar there were no such invalidating circumstances. Respondent acted with knowledge and understanding of the proceedings despite his lack of counsel.
The TJSDL provision for support of out-of-wedlock children must be interpreted and applied with fairness towards respondent, but at the same time with the objective of removing so far as possible the obstacles to equal treatment of the illegitimate with the legitimate child. (See Levy v. Louisiana, 391 U. S. 68; Matter of Storm v. None, 57 Misc 2d 342.)
The respondent’s motion for dismissal of the petition is denied.

 Everitt v. Everitt (4 N Y 2d 13, 16 [1958]); Snyder v. Eastern Auto Distrs. (357 F. 2d 552, 556 [C. A. 4th, 1966], cert. den. 384 U. S. 987); Rhodes v. Houston (202 F. Supp. 624, 631 [U. S. Dist. Ct., Neb., 1962], affd. 309 F. 2d 959 [C. A. 8th, 1962], cert. den. 372 U. S. 909); Proler Steel Corp. v. Luria (225 F. Supp. 412, 413 [U. S. Dist. Ct., S. D., Tex., 1964]).

 See Duerr v. Whittmann (5 A D 2d 326, 330 [1958]).

 See Prefatory Note to Uniform Reciprocal Enforcement of Support Act, p. 5, in Uniform Laws Ann., Yol. 90. That Act and the USDL are of similar pattern. See Landes v. Landes (1 N Y 2d 358, 365 [1956]).

 We need not inquire into whether there was a substantive limitation provision of Arizona law at the time of the hearing on petitioner’s 1962 petition from that State, since the USDL envisages reciprocal enforcement of the basic duties of support recognized by two states, rather than of subsidiary provisions.

 See Hanson v. Denckla (357 U. S. 235, 255 [1958]); Burgett v. Texas (389 U. S. 109 [1967]); Matter of Bojinoff (299 N. Y. 145, 150-152 [1949]); Matter of Morhous (293 N. Y. 131, 135 [1944]) see Code Crim. Pro., § 470-a, subd. 7 formerly Penal Law, § 1943.

 Cf. Matter of Gault (387 U. S. 1, 35-37 [1967]); People ex rel. Rogers v. Stanley (17 N Y 2d 256 [1966]); People v. Monahan (17 N Y 2d 310 [1966]); People ex rel. Rodriguez v. La Vallee (26 A D 2d 8, 9 [3d Dept., 1966]).

 Cf. Gideon v. Wainwright (372 U. S. 335, 361 [1963]), overruling Betts v. Brady (316 U. S. 455 [1942]).