VERNON K. CARLE AND JOSEPHINE A. CARLE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5961–67.    Filed April 22, 1970.

*William N. Donnelly*, for the petitioners.
*John D. Steele, Jr.*, for the respondent.

#### OPINION

TANNENWALD, *Judge:* Respondent determined deficiencies in petitioners' Federal income taxes as follows:

| Taxable year | Deficiency | Taxable year | Deficiency |
| --- | --- | --- | --- |
| 1963 | $189.73 | 1965 | $171.00 |
| 1964 | 180.13 | 1966 | 171.00 |

In view of a concession by respondent, the only issue for decision is whether petitioners are entitled to deductions under section 215 [1] for certain payments made in 1965 and 1966.

All facts have been stipulated and are so found.

At the time they filed the petition herein, petitioners' legal residence was in Waverly, N.Y. They filed joint income tax returns for 1963 through 1966 with the district director of internal revenue at Buffalo, N.Y. Petitioner Josephine A. Carle is a petitioner herein only because she filed joint returns with petitioner Vernon K. Carle. Subsequent references to petitioner shall be deemed to refer only to Vernon K. Carle.

On September 1, 1936, the petitioner married Beatrice Carle (hereinafter Beatrice) at Elmira, N.Y. In August of 1958, petitioner and Beatrice separated. On April 17, 1959, the Superior Court of the State of California, having personal jurisdiction of both parties, granted Beatrice an interlocutory decree of divorce (hereinafter referred to as the California decree). The decree awarded custody of the minor daughter to Beatrice. It further provided:

3. That Defendant Vernon K. Carle shall pay to Plaintiff Beatrice Carle, at such place or places as she may from time to time in writing designate, the sum of one hundred dollars ($100.00) on or about the first day of each month beginning with April of 1959 and continuing until the further order of the Court, said sums to be for her own support; and,

4. That Defendant shall similarly, and at such place or places and at said intervals, also and additionally pay to Plaintiff as for the support of the minor child, Louise Ann Carle, the sum of One Hundred Dollars ($100.00) monthly beginning with the month of April, 1959 and continuing so long as said child remains an unmarried minor or until the further order of this Court.

Thereafter, Beatrice and the daughter moved to New Jersey, where they now reside, and petitioner moved to New York, where he now resides. On August 24, 1960, because of petitioner's arrearages under the California decree, Beatrice started a proceeding against petitioner in the Juvenile and Domestic Relations Court, Passaic County, N.J. After a hearing in New Jersey, the proceeding was continued in the Children's Court of the State of New York, Tioga County,[2] pursuant to New Jersey's Uniform Reciprocal Support Act, N.J. Rev. Stat. sec. 2A:4–30 (1952), and New York's Uniform Support of Dependents Law, N.Y. Dom. Rel. Law secs. 30–43 (McKinney 1964). On March 30, 1961, the Children's Court, with knowledge of and against the background of, the California decree, ordered:

that the respondent, Vernon Keith Carle pay the sum of seventy-five dollars ($75.00) in trust to John E. Carr, Director of Probation, Tioga County, for the support and maintenance of his wife, the petitioner, Beatrice Carle, and Louise

---

[1] All references, unless otherwise noted, are to the Internal Revenue Code of 1954.

[2] These courts were abolished effective Sept. 1, 1962. N.Y. Const., art. 6, secs. 35a and 37. Pending proceedings were transferred to the new family courts of the respective counties. N.Y. Const., art. 6, sec. 35h.

Ann Carle, his minor child, on or about the 10th day of each and every month hereafter, and commencing on the 10th day of April, 1961, to be disbursed through the regular channels of the Tioga County Department of Probation, subject to the further order of the Court.

On March 9, 1962, a final judgment of divorce was rendered in California, which confirmed terms for alimony and child support contained in the interlocutory decree.[3]

On May 12, 1965, Beatrice instituted a suit in the Supreme Court of the State of New York for arrearages under the California decree, alleging that no payments had ever been made under the decree. Beatrice's complaint asked, *inter alia:*

that the amount of accrued alimony and support unpaid and due under the aforesaid judgment be adjudged and determined and that the Plaintiff have judgement for such amount; that defendant be adjudged to pay Plaintiff for alimony and support in the sum of $200.00 per month as required by the said judgment of the said Superior Court of San Mateo, State of California, that defendant be required to give reasonable security in such manner and within such a time as this court thinks proper; * * *

On July 27, 1965, the Supreme Court of New York rendered a decision upon Beatrice's motion for summary judgment, stating in part that:

The defendant alleges that all payments under the decree were paid through March 30, 1961 either, we gather, by direct payment or the receipt by the plaintiff of defendant's share in community property, or both, and the sum of $75.00 per month thereafter pursuant to an order of the Tioga County Children's Court. While the defendant's claim that the Children's Court order modified the California divorce decree is without merit, he should receive credit for payments made thereunder. *Morse* v. *Morse*, 3 Misc 2d 163.

There is here no question of fact other than the amount unpaid under the California divorce decree and this will be determined by this Court or by a Referee, whichever the parties prefer, or as directed by this Court in the event no agreement can be reached. Subject to such determination the motion for summary judgment is granted.

During the taxable years herein involved, petitioner paid the $75 per month as required by the Children's Court order[4] and claimed the amounts paid as "alimony" or "family support" deductions on his Federal income tax returns.

A husband may deduct payments in the nature of alimony under section 215[5] only if his wife takes them into income under section 71.[6]

---

[3] Petitioner married his present wife prior to this date, but respondent makes no contention regarding the validity of that marriage.

[4] This is how we interpret the stipulation of the parties that the payments were made "under the Children's Court order." The petitioner continued to pay only the $75 per month after the decision of the New York Supreme Court on July 27, 1965. Respondent has stipulated that the payments prior to that date are deductible.

[5] SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.

The dispute in this case involves the characterization of the $75 payments made by petitioner after July 27, 1965. Petitioner claims that the payments were in the nature of alimony and therefore deductible. Respondent claims that they constituted child support within the meaning of section 71(b) and hence are not deductible by petitioner.

The California decree specifically designated $100 as child support and $100 as support of Beatrice. The order of the New York Children's Court provided that $75 per month should be paid for the support of Beatrice and the child without any designation as to how that amount should be allocated.

The difficulty herein stems from the fact that petitioner apparently was obligated to pay under both decrees. Petitioner contends that, since the payments in question were made under the order of the Children's Court, i.e., the second decree, no amount was "fixed" for child support and therefore the rule of *Commissioner* v. *Lester*, 366 U.S. 299 (1961), applies. He points to the fact that respondent has conceded that payments made prior to the decision of the New York Supreme Court on July 27, 1965, were proper deductions and contends that that decision effected no change in the situation. We disagree.

The test under Lester is whether the amounts paid for child support were specifically designated as such. Clearly, they were by the California decree. Whatever the impact of the order of the Children's Court may have been, we think that the situation was significantly affected by the decision of the New York Supreme Court. To be sure, that decision did not alter or modify the order of the Children's Court. Nevertheless, it did specifically state that the $75 payments under the Children's Court order were to be credited against the pay-

---

⁰ SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

　　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

(b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

ments required to be made under the California decree. We recognize that the New York Supreme Court was dealing only with prior payments and that technically its decision did not apply to payments subsequently made. Nevertheless, we think that the thrust of the decision is clear and that this constitutes a sufficient designation to make the California decree the operative instrument as far as this case is concerned. Compare *Sara Nicoll Gotthelf*, 48 T.C. 690 (1967), aff'd. 407 F. 2d 491 (C.A. 2, 1969), certiorari denied 396 U.S. 828 (1969). Such being the case, the payments must be applied to child support. Sec. 71(b) ; *Martha J. Blyth*, 21 T.C. 275 (1953).

Neither *Chester L. Tinsman*, 47 T.C. 560 (1967), nor *Ines Siegert*, 51 T.C. 611 (1969), requires a contrary conclusion. In both of these cases, there were two decrees—the first decree specifying a single sum for alimony and child support and the second specifying a single sum for child support alone. In *Siegert* we held that the second decree did accomplish the required specific designation, and in *Tinsman* we held that it did not. We do not consider that these cases establish a mechanical test of determining under which decree the payments were made.

It is one thing to say that the ambiguity of a prior decree is not *necessarily cured* by a specific designation in a subsequent decree. It is another to say that the specific designation in the prior decree is *necessarily destroyed* by the ambiguity of the subsequent decree. This is particularly true where, as is the case herein, there is a third instrument which can be considered as curing the ambiguity.[7] By way of contrast, we note that in neither *Tinsman* nor *Siegert* was there any comparable tie-in between the payments under the second decree and the obligations under the first decree.[8]

In view of our conclusion, we express no opinion on the further questions whether (1) for any period after the divorce became final, the Children's Court order should be considered a decree of support within the meaning of section 71(a)(3) or could be effective under New York law [9] with respect to provision for support of Beatrice, and (2) the extent to which the rationale of *Borax' Estate* v. *Commissioner*, 349 F. 2d 666 (C.A. 2, 1965), reversing 40 T.C. 1001 (1963), consequently applies if, indeed, it applies at all.

In order to reflect respondent's concessions,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

---

[7] We note also that, in *Tinsman*, the amount for child support specified in the second decree was exactly the same as that specified for both alimony and child support in the first decree. At the very least, this fact contributes materially to a finding of a lack of specific designation.

[8] Indeed, in *Siegert* we carefully pointed out that the two decrees were completely independent and that the payment under the Virginia support order did not discharge the husband's obligation under the earlier Florida decree. See 51 T.C. at 621.

[9] See N.Y. Judiciary Law (part 1) sec. 461 *et seq.* (McKinney 1968), and the annotations thereunder ; compare *Chester L. Tinsman*, 47 T.C. at 563.

SCOTT, J., concurring: I agree with the majority that the payments of $75 per month made by petitioner were not deductible but do not agree that there was any designation in the decree of the New York Supreme Court, either expressed or implied, that the $75 per month payments made in the past or those to be made in the future were for child support or that such is the thrust of that decision.

The Children's Court of the State of New York for Tioga County had no jurisdiction to modify a decree of the Superior Court of the State of California. The purpose of the Uniform Support of Dependents Law of New York, as distinguished from somewhat comparable laws of other States, is "to secure support * * * for dependent wives, children, and poor relatives from persons legally liable for their support." *Martin* v. *Martin*, 58 Misc. 2d 459, 296 N.Y.S. 2d 453, 456 (Family Ct. 1968).[1] *Morse* v. *Morse*, 153 N.Y.S. 2d 957, 959 (Sup. Ct. 1956). The jurisdiction of the Children's Court of the New York Domestic Relations Court is limited, both in considering a claim under

---

[1] The court in *Martin* v. *Martin*, 58 Misc. 2d 459, 296 N.Y.S. 2d 453, 455 (Family Ct. 1968), explained the difference in the New York and California statutes as follows:

"If New York State had adopted the Uniform Reciprocal Enforcement of Support Act so that New York Law contained the same provisions with respect to whom a duty of support is owing as does California's[1] then the New York Courts would undoubtedly be required under the provisions of such reciprocal legislation to enforce the duty of support owing a former husband to his former wife imposed upon him by a foreign divorce decree (Government of Virgin Islands v. Lorillard, 3 Cir., 358 F. 2d 172).

"However, the Uniform Reciprocal Enforcement of Support Act of California and the New York Uniform Support of Dependents Law are not identical, and although substantially similar (Landes v. Landes, 1 N.Y. 2d 358, 153 N.Y.S. 2d 14, 135 N.E. 2d 562), there is a substantial difference in respect to the persons liable for the support of dependents (Ross v. Ross, 206 Misc. 1073, 1075, 136 N.Y.S. 2d 23, 25) and in the matter of procedural detail (Santa Clara County, California v. Hughes, 43 Misc. 2d 559, 564–565, 251 N.Y.S. 2d 579. 585–586). Moreover, in resolving the legal rights and liabilities of the respective parties this Court, where there are differences, is governed by the New York, rather than the California statute (Santa Clara County, California v. Hughes, supra 565, 251 N.Y.S. 2d 586 ; Matter of Trent v. Loru, 57 Misc. 2d 382, 386, 292 N.Y.S. 2d 524, 527) so that if any relief is to be given, to the petitioner in this state it must be under New York rather than California Law (Ross v. Ross, supra, 206 Misc. 1076, 136 N.Y.S. 2d 26).

"The declared purpose of the New York Uniform Support of Dependents Law is 'to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally liable for their support' (Domestic Relations Law section 30). Section 32 of the Domestic Relations Law entitled 'Persons legally liable for support of dependents' declares that *'For the purpose of this article,* the following persons in one state are declared to be liable for the support of dependents residing or found in the same state or in another state having substantially similar or reciprocal laws * * *

"1. Husband liable for support of his wife. (Emphasis supplied)

"The liability of a husband to support his wife depends upon the existence of a valid marriage and the continuance of the relationship of husband and wife. When that relationship ceases to exist the Family Court has no power to order support on behalf of an ex-wife (Matter of Carter v. Carter, 19 A.D. 2d 513, 240 N.Y.S. 2d 141; Fishberg v. Fishberg, 16 A.D. 2d 629, 226 N.Y.S. 2d 855 ; Matter of Travis v. Travis, 54 Misc. 2d 575, 282 N.Y.S. 2d 1001; Matter of Glass v. Glass, 57 Misc. 2d 76, 291 N.Y.S. 2d 487 : 'Davies v. 'Davies', 187 Misc. 313, 62 N.Y.S. 2d 790 ; Liss v. Liss, Dom. Rel. Ct., 77 N.Y.S. 2d 242 ; Pinto v. Pinto, Dom. Rel. Ct., 91 N.Y.S. 2d 124). Consequently the New York Uniform Support of Dependents Law which makes a 'husband liable for support of his wife' (Domestic Relations Law, section 32, subd. 1) has been held to exclude any liability of a divorced husband for the support of his former wife (Matter of Fleischer v. Fleischer, 24 A.D. 2d 667, 261 N.Y.S. 2d 165 ; Ross v. Ross, 206 Misc. 1073, 136 N.Y.S. 2d 23)."

the New York Uniform Support of Dependents Law and a claim otherwise brought before that court to secure support for "dependents." N.Y. Dom. Rel. Law sec. 32 (McKinney 1963), and N.Y. Family Ct. Act sec. 412 (1963).[2] *Martin* v. *Martin, supra*, and *Morse* v. *Morse, supra*, and cases there cited.

After divorce, a former wife is not a "dependent" of her former husband within the designation of dependents for whom the Children's Court has jurisdiction to secure or grant support. *Fleischer* v. *Fleischer*, 24 App. Div. 2d 667, 261 N.Y.S. 2d 165 (Sup. Ct. 1965); and *Ross* v. *Ross*, 206 Misc. 1073, 136 N.Y.S. 2d 23 (Child. Ct. 1954). An order for support of "a wife" is always subject to the attack that the marital relationship has terminated. *Travis* v. *Travis*, 54 Misc. 2d 575, 282 N.Y.S. 2d 1001, 1003 (Family Ct. 1967). If an order for support has been entered prior to the entry of the divorce decree, the divorce nevertheless terminates the duty of the former husband to support the former wife insofar as an order of the Children's Court requires such support. *Glass* v. *Glass*, 57 Misc. 2d 76, 291 N.Y.S. 2d 487 (Family Ct. 1968). In that case the wife, prior to a final divorce decree, had sought support for herself and her child and the Family Court had accepted jurisdiction but had not fixed what constituted a fair and reasonable sum. After the divorce the former husband moved to dismiss the support proceeding insofar as it related to his former wife. The court granted his motion stating (p. 489):

For the purpose of this decision, the Court will assume that petitioner-wife may be deemed to be the holder of an order of support. The Court finds that the termination of the marital status through a decree of divorce obtained by the wife after the entry of an order of support obtained by the wife has terminated the duty of the husband to support her under the provisions of section 412 of the Family Court Act. * * *

A former wife may bring an action in the New York Supreme Court to recover past-due payments granted to her under a decree of another State or to seek a review or modification of the decree of another State. *Ross* v. *Ross, supra*. If a former wife brings either of these actions, any support order which has been entered by the Children's Court is not res judicata or binding on the parties in the later litigation because of the narrowly defined jurisdiction of the Children's Court. However, under appropriate circumstances credit for payments under such a decree will be allowed. *Morse* v. *Morse, supra* at 960.

[2] Sec. 466 of the Family Court Act, subd. (c), effective as of Sept. 1, 1965, N.Y. Laws 1965, ch. 355, conferred jurisdiction on the Family Court to enforce the order or decree of a court of competent jurisdiction not of the State of New York granting alimony. *Martin* v. *Martin*, 296 N.Y.S. 2d 453, 456 (1968). The constitutionality of this section as it applied to certain cases has apparently been questioned. See *Travis* 1. *Travis*, 54 Misc. 2d 575, 282 N.Y.S. 2d 1001, 1003 (Family Ct. 1967). However, we are not concerned with sec. 466 of the Family Court Act or whether it is constitutional under the Constitution of the State of New York since no order with which we are here concerned was entered after Sept. 1, 1965.

When a former wife seeks in the New York Supreme Court to recover past-due alimony granted to her pursuant to a divorce decree of a State such as California which will not modify a support decree retroactively to deprive a former wife of alimony already accrued, such former wife is entitled to recover the difference in the accrued alimony under the decree of the court of the other State and the amounts of support payments which have been made by her former husband. If payments are provided for alimony and child support in the divorce decree, any payments for child support made under a decree of the New York Children's Court will be credited on the past-due amounts. *Morse* v. *Morse, supra.*

Prior to September 1965, a former wife who had been granted alimony in a decree of another State could obtain a New York order directing future payments, only by seeking a review of the decree of the other State by an action in the New York Supreme Court. *Ross* v. *Ross, supra.*

In the light of the New York law, it is my view that the decision of the New York Supreme Court entered on July 27, 1965, as set forth in the findings in the majority opinion in no way concerned or had any effect upon the nature of any payments made by the petitioner to his former wife after the date of the entry of such decision, nor did it change the nature of the payments of $75 a month made by petitioner prior to its entry. All the decision did was provide that any payments which had been made in the past for support of any of the persons for whom support was granted in the California decree should be credited in determining the amount unpaid under the California decree. The nature of the $75 a month payments made by petitioner to his former wife, both before and after the entry of the decision of the New York Supreme Court on July 27, 1965, was not affected by the decision of the New York Supreme Court.

Because of the limited jurisdiction of the Children's Court, its decree was not a valid or enforceable direction that petitioner make payments for the support of his "wife" after the final decree of divorce of petitioner from his former wife was entered by the California Court on March 9, 1962.

In *Martin* v. *Sparks*, 108 N.Y.S. 2d 259 (Dom. Rel. Ct. 1951), the court pointed out that the 1942 amendment to the Domestic Relations Court Act was for the purpose of removing "all doubt as to the Family Court's lack of jurisdiction to entertain a new proceeding for support of a former wife or *to continue in her behalf a previous Family Court support order after* the date of the entry of a binding final divorce judgment." (Emphasis supplied.)

After the entry of the final decree of divorce on March 9, 1962, the payments of $75 a month made by petitioner were for child support if they were made under the decree of the Children's Court.

The decree of the Children's Court was valid for requiring petitioner to make child support payments during all the years here involved but it was not valid in requiring him to make payments for the support of his former wife after March 9, 1962. Unless the $75 a month payments are considered as child support payments made under the Children's Court decree, they would either be payments under the California decree or payments made under no valid court decree. Viewed in either of these aspects, the amounts are not includable in the former wife's income under section 71, I.R.C. 1954, and therefore not deductible by petitioner under section 215, I.R.C. 1954. If the payments are considered not to have been made pursuant to any decree, there is no provision for their inclusion in the wife's income so as to make them deductible by the husband. If they are considered to be made pursuant to the California decree they are to be considered as child support payments for the reasons stated in the majority opinion.

TIETJENS, DAWSON, IRWIN, and STERRETT, *JJ.*, agree with this concurring opinion.