Otto C. Jaeger, S.
This is a proceeding to determine the proper method of computing the trustee’s commissions.
The trust was created under the will of the decedent who died in 1963. The trust is to continue for a period of 20 years, during which time the income is to be used for the benefit of Durland Scout Center of the Hutchinson River Council, Inc., Boy Scouts of America. Upon termination of the trust the principal is to be distributed to the council on condition that it execute an agreement providing for the continuance of the Durland Scout Center. If the agreement is not executed, the principal is to be paid to another named charity.
The question to be decided is whether the trustee’s commissions should be determined and paid according to those provisions of SCPA 2309 which are applicable to trustees generally, or whether the commissions are governed by the special provisions of paragraphs (a) and (b) of subdivision 5 of that section. Subdivision 5 (pars, [a], [b]) provides that the trustee is entitled only to annual income commissions at the rates prescribed therein and is not entitled to any commissions from principal, where the trust is ‘ ‘ created solely for * * * charitable * * * uses ”.
The trustee contends that subdivision 5 applies only to perpetual trusts and not to trusts which terminate as here, after a term of years. In support of its position the trustee relies to a great extent on the history of the section.
The original forerunner of this provision was subdivision 4 of section 285-a of the Surrogate’s Court Act, enacted in 1943. It provided that all commissions should be paid from income where the trust was one ‘ ‘ in perpetuity ’ ’. The term ‘1 in perpetuity ’ ’, however, did not mean that the trust need be perpetual but was used to describe any trust not measured by a life or lives within the requirements of the Rule against Perpetuities (Matter of Hoagland, 194 Misc. 803, affd. 272 App. Div. 1040, affd. 297 N. Y. 920; Matter of Baker, 194 Misc. 789).
In 1948, apparently as a result of the Hoagland case, the Legislature substituted the phrase 1 ‘ not measured at any time directly or indirectly by a life or lives ’ ’ in place of the words “ in perpetuity ”. This terminology was continued in subdivision 5 of section 285-b of the Surrogate’s Court Act (enacted in *812 1956) which was the immediate predecessor of the present section.
The trust involved here is not measured directly or indirectly by a life or lives. It would appear, therefore, that even tested against the language of the former section, this trust is of the type described. Indeed, in drafting the present section, the revisers recognized that a trust not measured by a life or lives could include a trust measured by a term of years, including a so-called ‘ ‘ Clifford Trust ”. A ££ Clifford Trust ” is a short-term trust which is measured by a term of years and which at the end of the term reverts to the settlor (Helvering v. Clifford, 309 U. S. 331; Bogert, Trusts and Trustees [2d ed.], §§ 268.10, 268.15). Generally motivated by income tax considerations, it is created to give the income to the beneficiary (who may or may not be a charity) while at the same time preserving the principal for the settlor. Such a truM could properly be described as one not measured by a life or lives, but clearly it could not be described as one 1 ‘ created solely for * * * charitable * * # uses ”. It was for this reason that the quoted language was adopted in the 1966 revision. The intent, however, was not to exclude every trust measured by a term of years but only the “ Clifford Trust Indeed the revisers’ notes (McKinney’s Cons. Laws of N. Y., Book 58 A, SCPA 2309, p. 507) make it clear that it was only tbjis type of trust for years which concerned them. The notes state that the new language was substituted for the old ‘£ to insure that this provision does not apply to the 1 so-called Clifford Trust’”. If they had intended to exclude every trust or even every short-term trust measured by years, including those in which both the income and principal interests are given to charity, they would hardly have chosen the language they did.
The court has reviewed the background of paragraph (b) of subdivision 5 to demonstrate that there is nothing in its background which is inconsistent with a strict construction of the language employed insofar as that language relates to the facts of this case. In any event, the statute is clear and unambiguous and must be given effect according to its terms. It applies to every trust 11 created solely for * * * charitable * * * uses ” regardless of its duration. Since the trust involved here is, obviously, of the type described, the trustee is entitled to annual commissions on income only.