S. Samuel Di Falco, S.
The three surviving trustees and the estate of a deceased trustee have submitted their first intermediate account which covers the period from December 5, 1967 to January 4, 1971. Decedent died on December 25, 1953. The trust is to run for the lives of eight persons named in the will as trustees or substitute trustees. Four of them are still living. The income beneficiary of the trust is Sam S. Shubert Foundation, Inc., a Delaware corporation which was organized exclusively for charitable purposes and has been determined to be a tax-exempt organization. It is also the remainderman of the trust.
The trustees have computed and retained their commissions under SOPA 2308 (subd. 5). Because of a decision in Matter of Johnson (Glasgow) (N. Y. L. J., June 15, 1970, p. 16, col. 2 [Sup. Ct., N. Y.]) which held that in the case of an inter vivos trust measured by lives in being, of which a charitable organization was both the income beneficiary and the remainderman, the commissions of the trustee should be computed under SOPA 2308 (subds. 1, 2 and 3), the petitioners now seek a direction of this court as to the proper method of computing their commissions. They also request that the compensation of the deceased trustee be'fixed. The foundation and the Attorney-General of the State of New York have appeared but neither has taken any position.
SOPA 2308 governs commissions of trustees under the wills of persons who died prior to September 1, 1956 and is applicable to this estate. Subdivision 5 pertains to a trust ‘ ‘ created solely for public, religious, charitable, scientific, literary, educational or fraternal uses ”. A trustee of such a trust is entitled to commissions only on income, but at rates substantially higher than those allowed in other trusts. Such trustee is not entitled to any commissions on principal.
Subdivision 1 of the same section provides for receiving and paying commissions on principal in private trusts. Subdivision 2 allows annual income commissions, and subdivision 3 authorizes annual principal commissions.
Prior to 1943, the commissions of trustees were at the same rates and on the same basis as commissions for executors and administrators. They were entitled only to receiving and paying commissions on principal and income. In 1943, the Legislature added an annual principal commission for trustees. *64 Realizing that the additional annual principal commissions might place an undue financial burden on trusts over a long period of time, the Legislature enacted other provisions which limited annual commissions so that the total would not unduly diminish the corpus of the fund. At that time trusts were limited in duration by the two-lives-in-being rule, but charitable trusts were not subject to the Statute of Perpetuities. Limitations were placed on the total annual principal commissions in all trusts, but because of the possibility that charitable trusts could last a much longer time, the Legislature provided a special rule for charitable trusts, increasing the commission on income and eliminating the commission on principal. It described trusts for charitable uses by the brief, simple expression, ‘ ‘ trust in perpetuity ” inasmuch as a trust for charitable uses was the only trust that could come within that description. However, that expression resulted in some difficulty. In Matter of Hoagland (194 Misc. 803, 812) Surrogate Delehanty wrote: “ The question is — What is a trust ‘in perpetuity ’ t In this material world nothing is perpetual or everlasting. As used in the Surrogate’s Court Act the phrase is a phrase of discrimination and is intended to define such trusts as are not subject to limitation upon lives in being under what we call our Statute of Perpetuities.” In the 1948 revision of the sections relatting to trustees ’ commissions, the definition used by Surrogate Delehaxty was substituted for ‘ ‘ trust in perpetuity ’ ’, so that the reference was to a trust ‘ ‘ not measured at any time directly or indirectly by a life or lives ’ ’. (Commissions of Testamentary Trustees, N. Y. L. J,, April 1, 1948, p. 1188, col. 1.) The intent was to refer to the same type of trust theretofore called a ‘ ‘ trust in perpetuity ”. (See, also, Matter of Baker, 194 Misc. 789.)
This mode of expression proved satisfactory as long as private trusts were required to be measured by lives-in-being and charitable trusts were outside that rule. However, the Statute of Perpetuities was amended to permit measurement of the trust term by any reasonable number of lives-in-being (L. 1958, ch. 152) and later by a term of not more than 21 years (L. 1960, ch. 448). It then became possible to have private trusts not measured at any time by a life-in-being and thus they would fall within the definition that was intended to embrace only charitable trusts. Finally in the revision of the procedure act, the Commission on the Law of Estates recommended that the attempt at abridged expression be abandoned and that the words, ‘ ‘ a trust created solely for public, religious, charitable, scientific, literary, educational or fraternal uses ” be substituted for the expression, “ trust not measured at any time directly or indi *65 rectly by a life or lives Thus it is patent that though the definition changed in form of expression, the thing defined always remained the same.
Under existing statutes, a trust for charitable uses may continue for any number of years without limitation, whereas a private trust may not continue beyond the stated number of years or during lives in being. The Legislature has consistently manifested its intention that a trust that could possibly be extended for long duration is not to be unduly diminished by principal commissions. The Legislature has recognized during all these years that charitable trusts could be created for longer periods than private trusts, and that unlimited annual principal commissions could consume an inordinate amount of the corpus. It has made it clear since 1943 that trusts for charitable uses are to be burdened by commissions only in the special way that the Legislature directed, which provides a fair return from income and preserves the principal.
The court therefore holds that the trustees have properly computed their commissions under subdivision 5 of SOPA 2308.
A similar question to that here presented was raised in Matter of Durland (64 Misc 2d 810). Surrogate Jaeger made the same ruling as is here made, namely, that the commissions of a charitable trust for a term of years are to be fixed and allowed under subdivision 5.
The deceased trustee acted from December 5, 1967 when the trust was first funded until his death on June 28, 1968. The court awards to his estate the commissions set forth in Part I of Schedule H of the account which are computed in accordance with SOPA 2308 (subd. 5).