■ In the Matter of NANCY A. CIARAVINO, Respondent, v. SALVATORE G. CIARAVINO, Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from two orders of the Family Court, Nassau County, the first dated April 30, 1971, which, after a hearing, *inter alia,* adjudged appellant to have willfully disobeyed an order of support, dated January 6, 1969, and sentenced him to a jail term of 90 days in lieu of a cash bond in the sum of the arrears, $3,695, and the second dated May 12, 1971, which, again after a hearing, denied appellant's motion to modify said order of January 6, 1969 and to relieve him of the April 30, 1971 order. Orders of April 30, 1971 and May 12, 1971 reversed, on the law, in the interests of justice and in the exercise of discretion, without costs, and matter remitted to the Family Court for proceedings not inconsistent with the views herein set forth. In our opinion the record before us is inadequate to make a proper determination on the issues of appellant's finances, the date and effect of the parties' Mexican divorce, and the employment of the parties' children. The matter must therefore be remitted to the Family Court for a rehearing, wherein the court should determine the effect of the parties' Mexican divorce upon appellant's duty to support petitioner (*Matter of Carter* v. *Carter,* 19 A D 2d 513; *Matter of Travis* v. *Travis,* 54 Misc 2d 575; *Lynn* v. *Lynn,* 302 N. Y. 193, 203; *Lappert* v. *Lappert,* 20 N Y 2d 364). Upon appellant's motion for a modification the court should review his finances and consider the periods, if any, during which either of the children of the parties was employed and self-supporting, up to the time of the rehearing. In its discretion and with due regard for the circumstances, the court may abate the arrears for any such period (*Dearborn* v. *Dearborn,* 278 App. Div. 943). Appellant contends he was entitled to a jury trial upon the issue of whether he had willfully failed to comply with the order of support. This contention is without merit. Section 454 of the Family Court Act provides that commitment thereunder shall not exceed six months and thereby creates a petty offense not requiring a trial by jury (*United States ex rel. Griffin* v. *Martin,* 409 F. 2d 1300; *Baldwin* v. *New York,* 399 U. S. 66). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of the CITY OF NEW YORK (NEW BROOKLYN MEAT MARKET). BARRETT LUMBER CO. INC., Respondent; CITY OF NEW YORK, Appellant.— Order of the Supreme Court, Kings County, dated November 12, 1971 affirmed, without costs. Upon this record, we are of the opinion that there should be no further extensions granted by Special Term which would serve to stay execution of the warrant of possession beyond March 1, 1972. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

■ In the Matter of the Estate of AGATHA A. DURLAND, Deceased. CHEMICAL BANK, as Trustee of AGATHA A. DURLAND, Deceased, Appellant; ATTORNEY-GENERAL OF THE STATE OF NEW YORK et al., Respondents.— Decree of the Surrogate's Court, Westchester County, dated December 29, 1970, affirmed, without costs, on the opinion of Surrogate Jaeger (*Matter of Durland,* 64 Misc 2d 810). Hopkins, Acting. P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.