Arthur A. Davis, Jr., S.
The three trustees have submitted intermediate accounts of proceedings in the above-designated trusts covering the period from July 6, 1965 to June 30, 1972.
Decedent died December 23,1964 and a last will and testament, dated February 7, 1960 was duly admitted to probate by this court, March 29, 1965.
The petitioners, in addition to the usual prayer for judicial settlement, request that article Tenth of the will be construed as providing for trustees’ commissions pursuant to SOPA 2309 (subds. 1, 2, 3, 6, pars, [a] and [b]) and that they be allowed trustees ’ commissions as reflected in Schedules C and C-2 of the said accounts.
The Attorney-General of the State of New York has appeared for the charitable beneficiaries pursuant to EPTL article 8 and has filed an answer praying for a determination that the commissions allowable to the trustees herein be solely annual income commissions as provided in SOPA 2309 (subd. 5).
In addition to the two trusts which are presented for an intermediate judicial settlement at this time there are five other trusts with income and principal payable to surviving individuals. These trusts have the same trustees as are accounting in these proceedings.
Each trust shall terminate at the death of the survivor of five named individuals. In the trust created under article Eighth (F) the net income beneficiary is The Art Institute of Chicago and upon termination of the trust the principal is to be paid to The Art Institute of Chicago. The individual executrix and trustee is given the power to terminate the trust at any time by directing payment of the principal to the beneficiary. In the trust created under article Eighth (G) the Metropolitan Museum of Art is the beneficiary of the net income and receives the principal when the trust is terminated. Except for the named beneficiaries the trusts are identical.
The accounts show that in each case the trustees have computed and retained annual commissions commencing July 22, 1966 in accordance with SOPA 2309 (subds. 1, 2, 3, 6, pars, [a] *1015 and [b]). Equal charges were made against income and principal.
Article Tenth of said last will and testament which provided for the appointment of executors and trustees also contained the following paragraph with respect to compensation of the trustees: 1 ‘ Each Trustee hereunder shall be entitled to compensation at the rates and in the manner allowed to a sole testamentary Trustee by the laws of New York in effect from time to time; provided, however, that the minimum annual compensation to each Trustee for each trust hereunder shall be seven hundred fifty dollars ($750); and provided, further, that as to any trust which for any trust year has as its only investment a participation in any Common Trust Fund maintained by the- corporate Trustee then each Trustee’s minimum annual compensation for such year for such trust shall be two hundred fifty dollars ($250). All annual commissions to which the Trustees may be entitled shall be charged one-half to the income and one-half to the principal of the respective trust hereunder.”
The foregoing paragraph applies to the trusts established for the benefit of the private individuals as well as the institutions named in article Eighth (F) and (Gr).
In Matter of Shubert (70 Misc 2d 62), Surrogate Di Falco reviewed the statutory changes relating to trustees-’ commissions from prior to 1943 when they were the same as commissions for administrators and executors until the adoption of the present provisions in 1966. He, of course, was dealing with SOPA 2308 which relates to estates of persons dying on or before August 31, 1956, whereas, the decedent in this ease died subsequent to that date and the trustees’ commissions are regulated by SOPA 2309. Subdivisions 5 (pars, [a] and [b]) of each section are substantially the- same and, therefore, his analysis of such sections may be considered in this proceeding.
Surrogate Jaeger in Matter of Durland (64 Misc 2d 810) had occasion to pass upon the question of trustees’ commissions pursuant to SOPA 2309 where the trust was to continue for a period of 20 years. In that case the trustee sought a determination of whether the trustees’ annual commissions should be determined and paid according to provisions of SOPA 2309 which are applicable to trustees generally or -whether the commissions are governed by the special provisions of paragraphs (a) and (b) of. subdivision 5 of that section which denies any commission from principal.
*1016 The court has reviewed the legislative changes leading to the present wording of SOPA 2309 (subd. 5, pars, [a] and [b]) as well as the cases which may have led to the changes which were made from time to time.
It was in 1943 that the Legislature first made provision for annual commissions for trustees and at that time made a distinction between the annual commissions payable upon trusts for the benefit of individuals and charitable trusts which were described as “trusts in perpetuities”. Five years later the wording was changed so that the charitable trust for purposes of computing annual commissions was designated as a trust “not measured at any time directly or indirectly by a life or lives ”. Later amendments in the Statute of Perpetuities required a different definition of those trusts in which the annual commissions shall be computed according to income and not based upon principal. The present wording of subdivision 5 of SOPA 2309 gives us this definition and applies to the two trusts which are the subject of this proceeding:
“5. (a) During the continuance of a trust created solely for public, religious, charitable, scientific, literary, educational or fraternal uses * * *
“(b) In the case of a trust created solely for public, religious, charitable, scientific, literary, educational or fraternal uses the trustee shall not be entitled to any commission from principal.”
Following the principles enunciated in Matter of Shubert and Matter of Durland (supra) the court is of the opinion that the statute (SOPA 2309, subd. 5, pars, [a] and [b]) is clear and unambiguous and must be given effect according to its terms. It applies to every ‘‘ trust created solely for public, religious, charitable, scientific, literary, educational or fraternal uses ’ ’ regardless of duration and whether measured by lives or any other measure.
The court holds that the trustees’ commissions must be computed pursuant to subdivision 5 of SOPA 2309.
Pursuant to article Tenth of the will the commissions which will be computed solely upon the income shall be charged one half to income and one half to principal in each year.