Otto C. Jaeger, S.
The questions to be determined in this final trustee’s accounting concern (1) the computation of the commissions payable to the trustee, that is whether the general provisions for payment of trustees’ commissions under SCPA 2309 are applicable or whether the special provisions relating to trusts created solely for charitable uses govern; (2) the right to commissions on rents; and (3) the amount of attorneys’ fees.
In a construction proceeding heretofore decided, this court determined that the trust for which petitioner now accounts is a valid trust (Matter of Hall, N. Y. L. J., Aug. 28, 1969, p. 18, cols. 4-5). Decedent died a resident of Florida on May 2, 1968 and her will was admitted to probate in that State. In item V of her will she made general bequests to 11 charitable corporations. In item VI she provided that, her residuary estate, exclusive of her New York property, be held in trust by her Florida corporate trustee and the income paid to her daughter for life. The 11 charitable corporations named in item V were designated to receive the remainder upon the daughter’s death. In item VII of the will, testatrix gave her New York property to her New York corporate trustee, directed the trustee to pay the income to her daughter during her lifetime, expressed a desire that the trust assets be liquidated as soon as prudently possible and directed that upon liquidation during the lifetime of the daughter, the trust be terminated and the net proceeds paid to the Florida trustee to be thereafter administered under item VT of the will. Testatrix also provided that if the daughter died prior to the liquidation of the New York assets, the trust was to continue for a period not to exceed five years during which the trust property was to be liquidated whereupon the trustee was directed to distribute the proceeds directly to the charities without the necessity of passing them through the hands of the Florida trustee.
The will was admitted to ancillary probate in this court and letters were issued to the designated New York trustee. Subsequently the trustee ascertained that decedent’s daughter had, in fact, predeceased her. The only property in New York owned by testatrix at her death was commercial real estate in Westchester County which was under a long-term net lease and which has been sold. As previously stated, the court found the trust to be valid, the remainder to be vested in the charitable bene *998 ficiaries and the distributable income to be payable to the charitable remaindermen as owners of the next eventual estate.
(1) The provisions of items V, VI and VII clearly show testatrix’ intent to benefit charities. These benefits did not depend on the survival of her daughter. Since testatrix’ daughter predeceased her, the only trust created under item VII for the limited duration stated therein was “ solely ” for charitable uses. “ The statute [SCPA 2309, subd. 5] is clear and unambiguous and must be given effect according to its terms. It applies to every trust ‘ created solely for * * * charitable * * * uses ’ regardless of its duration. Since the trust involved here is, obviously, of the type described, the trustee is entitled to annual commissions on income only.” (Matter of Durland, 64 Misc 2d 810, 812, affd. 38 A D 2d 722.) Petitioner shall recompute its commissions in accordance with subdivision 5 of SCPA 2309.
(2) Petitioner has also computed additional commissions in accordance with subdivision 7 of SOPA 2309 on the rents collected under the net lease, claiming that it is entitled to them for services rendered. If additional commissions are to be awarded, the services must include management of the real property in addition to the collection of rents. ‘ ‘ The only reasonable conclusion that can be reached is that the Legislature clearly intended — and so indicated — that the extra compensation for management can be retained only 1 for such services ’, i.e., for the active performance of the duties and obligations connected with the real property, and not for just 1 general responsibility ’ ”. (Matter of Smathers, 309 N. Y. 487, 495.) In Schedule I of the account, petitioner lists the services in connection with the real property for which it claims additional compensation. Most of these services are in connection with the liquidation of the trust and sale of the property. The examination of the tenant’s monthly report of sales and collection of additional rent are not services constituting management of real property within the meaning of this section (Matter of Smathers, supra; Matter of Burrows, 3 N Y 2d 869; Matter of Marshall, 11 N Y 2d 955; Matter of Schmitt, 65 Misc 2d 1021). Additional commissions under subdivision 7 of SCPA 2309 are denied.
(3) Objections have been made to the fee requested by the firm of attorneys for petitioner. The legal services rendered were more than ordinarily rendered in a trustee’s accounting. Ancillary probate of the will and ancillary letters of trusteeship were obtained and a New York tax proceeding had to be brought in this matter. The court has already made an award for the services rendered in the construction proceeding. Taking all *999 these matters into consideration and considering also the elements involved in determining the value of legal services (Matter of Potts, 123 Misc. 346, affd. 213 App. Div. 59, app. dsmd. 241 N. Y. 510), the court determines that the fee should be fixed and allowed in the amount already paid as shown in Schedule C of the account for all legal services inclusive of those through settlement of the decree and distribution thereunder together with disbursements in the sum of $110.