In the Matter of SATYA PAL SOOD et al., Petitioners, *v.* EDWARD R. APPS, as City Clerk of the City of Syracuse, Respondent.

Supreme Court, Special Term, Onondaga County, June 29, 1955.

*Fraser Brothers* for petitioners.

*George Driscoll, Corporation Counsel,* for respondent.

McClusky, J. The petitioners herein are each over the age of twenty-one years and presently reside in Syracuse, New York. Desiring to marry each other, they applied to Edward R. Apps as city clerk of Syracuse, New York, on May 17, 1955, for a marriage license. The application was denied because it appeared that Mr. Sood had been married in India in 1945, and his wife was still living and undivorced.

It is undisputed that Mr. Sood was a native of India, having been born of Hindu parents at Abohar, India, on February 4, 1923. He attended a denominational school at Lahore, India, until 1942. In 1945, he married a previously unmarried woman of the Hindu race in accordance with Hindu rites in local law. They lived as husband and wife for some five years. As a result of this union, two sons were born. They presently reside with his father.

In May, 1950, Mr. Sood sailed for England as a student. His wife did not accompany him. He remained in England until September 2, 1953, when he departed for the United States as an exchange visitor under the provisions of United States Information and Educational Exchange Act of 1948 (U. S. Code, tit. 22, § 1431 *et seq.*). He continued his studies at Syracuse University, specializing in chemistry. He intends to continue his studies at a college in Texas.

On March 16, 1955, he became a Christian and a member of the Episcopalian denomination. There is no dispute about that fact. He intends to become a citizen of the United States.

Hildegard Koss, the copetitioner, was born in the Rhineland, Germany. She is over twenty-one years of age and is Christian, belonging to some one of the Protestant denominations. Both she and Mr. Sood desire to marry one another.

When they applied for a marriage license to Mr. Apps, they were required to fill out a form or application in accordance with section 15 of the Domestic Relations Law. From this application it became apparent to Mr. Apps that Mr. Sood had been previously married and that his wife was still living and that such marriage had not been terminated by any decree of a court of competent jurisdiction. He declined to issue the license.

It is well established by the law of this State that a marriage valid where made is valid in this State. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18.)

There are two exceptions to that general rule, viz.: marriage prohibited by our positive law and cases involving polygamy and incest. (*Matter of May,* 305 N. Y. 486, 491.)

Concededly, if the marriage of Mr. Sood in India is valid in this State, the respondent was justified in refusing to issue a license, for bigamy is not permitted by the laws of this State. It is likewise conceded that the marriage of Mr. Sood in India was not incestuous in any sense of the term. The facts likewise indicate that the Indian marriage was not bigamous.

Polygamy is defined as the state or fact of being polygamous, especially the custom or practice as in a group of having a plurality of wives or husbands at the same time. (Webster's Int. Dict. [2d ed.].)

The Domestic Relations Law (§ 6) expressly declares to be void a marriage contracted by a person whose husband or wife by a former marriage is living with certain exceptions. The act of polygamy constitutes a crime known as bigamy, section 340 of the Penal Law. The general attitude towards polygamy is well known and has found historic expression in court decisions. (*Romney* v. *United States,* 136 U. S. 1.)

But the point is urged here that the Indian marriage was contracted between parties, who belonged to and believed in polygamy, although they did not practice it, and that that belief voided the marriage *ab initio* under the laws of this State, i.e., it was polygamous in its intent and, therefore, in its inception. There is no evidence before this court that the petitioner Sood made any express condition at the time of his marriage in India that he reserved the right to commit adultery and that his wife consented thereto. The distinction is made between intellectual knowledge and the act of the will. The clerk was perfectly justified in treating the Indian marriage as a valid one, even under the natural law. Under the circumstances the burden is upon the named petitioner to establish the invalidity of his first marriage. That has not been done in this proceeding but may be done by a court of competent jurisdiction in an action between the parties.

There is no cited case in New York State, which goes so far as to warrant the determination that the first marriage is invalid, when attacked collaterally as in this matter.

Proceedings are dismissed, without costs.