Stanley Gartenstein, J.
The court is called upon in this proceeding for support by the petitioning wife to evaluate the public policy of a so-called "Iron Curtain” country in the context of its acceptability to the courts of this jurisdiction.
The parties are husband and wife. They were married in Walcz, Poland on November 28, 1970. It is undisputed that the petitioning wife was previously married to another man in Walcz, Poland on October 5, 1952 and that there are two children or issue of that marriage. It is further stipulated that this prior marriage was performed in the Roman Catholic Church in accordance with that church’s disciplines and rituals; that it was never dissolved; and that the previous spouse is living. The law of Poland does not recognize religlious solemnization of a marriage and permits either party thereto to act as a single or unmarried person in all respects.
It is urged upon the court that this public policy of Poland is repugnant to the public policy of this State, viz., that a public policy undertaken with the avowed end of destroying organized religious institutions cannnot be given effect in a jurisdiction founded on the principle of total freedom of religion which freedom includes among its acceptable options that of individual liberty to repudiate any religion whatsoever. A logical extension of this argument would render this marriage herein void as one contracted between two parties, one of whom was already married and without capacity to enter the marriage contract. If given effect, this would constitute a complete defense to this proceeding on its merits. (See Fishberg v Fishberg, 16 AD2d 629.)
In contradistinction to a judgment of a court of record whose validity is determined in the jurisdiction of collateral attack by sophisticated principles of jurisdiction as they impact on recognition either by virtue of comity or of constitu *185 tional full faith and credit, marriage is an offshoot of an ordinary contract, the validity of which is determined by the principle of lex lacis contractus. Thus if valid where consummated, the marriage is ordinarily recognized in this State (Matter of Sood v Apps 208 Misc 819, 820 affd 1 AD2d 939, citing Van Voorhis v Brintnall, 86 NY 18). The general rule giving effect to validity of a marriage if valid where consumated, gives way only where recognition thereof affronts the public policy of this State. It has been held that when this State is called upon to recognize either an incestuous or bigamous marriage, it will assert its strong public policy of condemnation thereof and refuse recognition even if that marriage was valid where consumated (Matter of May, 305 NY 486).
Accordingly, if the public policy of Poland allegedly established as an open declaration of war against any form of organized religion is held repugnant to our own, we must declare this second marriage bigamous and void.
The court has conducted its own research into the practices of so-called "friendly” countries. It finds, among others, the following jurisdictions which require a civil ceremony in addition to any religious ritual which the parties undergo: France, Germany, Belgium and Switzerland. In light of this fact and the unquestioned recognition afforded in this State to the marriage practices of these jurisdictions, the court would be hard-put to find any basis for treating the laws of Poland, whatever their motivation, any differently.
This court which has jurisdiction to refuse recognition for its own limited purposes to any marriage considered herein (Loomis v Loomis, 288 NY 222) sees no basis to do. so in this instance.
The motion to dismiss is denied.